UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKIE FLORINCEO ALVAREZ, SR., <br><br>    Plaintiff, <br><br> v. <br><br> GARY REDMAN, *et al.*, <br><br>    Defendants. | Case No.  2:21-cv-01932-JDP (PC) <br><br> ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* <br><br> ECF No. 2 <br><br> SCREENING ORDER THAT PLAINTIFF: <br><br> (1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL OF CLAIMS AND PARTIES, OR <br><br> (2) FILE AN AMENDED COMPLAINT <br><br> ECF No. 1 <br><br> THIRTY-DAY DEADLINE |

Plaintiff, a prisoner in the Amador County Jail, raises several claims, all of which are difficult to understand.  ECF No. 1 at 3-8.  None of the claims is adequately pled, as would be required to proceed.  I will give plaintiff an opportunity to amend his complaint.  I will also grant his application to proceed *in forma pauperis*.  ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

1

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff has brought at least five separate claims, none of which is suitable to proceed as articulated.

First, plaintiff alleges that Gary Redman, the Sheriff of Amador County, has subjected him to "illegal arrests." ECF No. 1 at 3. Plaintiff does not allege why the arrests are illegal, when or why they occurred, or whether state charges are pending based on those arrests.

Second, he claims that California Psychiatric Transitions ("CPS"), a rehabilitation center, violated his rights by administering medication to him against his will. *Id.* at 4. Plaintiff does not contextualize this claim by alleging what medication he was administered or whether a court

1  order directed its administration. He also claims that CPS is medicating him to "assist future set
2  ups," but does not explain what that means. *Id.*

3        Third, plaintiff alleges that Dollar Tree, a non-state actor, assisted Amador County
4  Sheriff's deputies in removing him from one of its stores. *Id.* at 7. He claims that Dollar Tree did
5  this to cover up its own unspecified illegal activities. *Id.*

6        Fourth, plaintiff claims that the Calaveras Public Defender's Office violated his rights by
7  interfering in his efforts to represent himself. *Id.* at 8. Plaintiff does not explain what
8  proceedings were at issue or state whether those proceedings are ongoing.

9        Fifth and finally, plaintiff alleges that an Amador County Superior Court judge violated
10 his rights by denying several of his motions in criminal proceedings. *Id.* at 9. This claim, to the
11 extent that it attacks a state court's decisions in a criminal trial, is better brought in a habeas
12 petition.

13       I cannot tell whether these five claims are sufficiently related to one another to proceed in
14 a single action. And, even if the claims are sufficiently related, none is adequately plead. I
15 cannot tell how plaintiff's rights were violated or how the named defendants were responsible. I
16 will allow plaintiff an opportunity to amend, should he wish to better explain his claims.

17       If plaintiff decides to file an amended complaint, the amended complaint will supersede
18 the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en
19 banc). This means that the amended complaint will need to be complete on its face without
20 reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is
21 filed, the current complaint no longer serves any function. Therefore, in an amended complaint,
22 as in an original complaint, plaintiff will need to assert each claim and allege each defendant's
23 involvement in sufficient detail. The amended complaint should be titled "Amended Complaint"
24 and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will
25 recommend that this action be dismissed.

26       Accordingly, it is ORDERED that:
27       1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
28       2. Within thirty days from the service of this order, plaintiff must either file an

Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed for the reasons stated in this order.

   3. Failure to comply with this order may result in the dismissal of this action.

   4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 9, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE