UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKIE FLORINCEO ALVAREZ Sr., | Case No. 2:21-cv-01932-JDP (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTICE OF ELECTION TO STAND BY HIS COMPLAINT |
| v. | |
| GRAY REDMAN, *et al.*, | |
| Defendants. | ECF No. 14 |

On May 10, 2022, I screened plaintiff's complaint and notified him that it did not state a cognizable claim. ECF No. 4. I granted him thirty days from the date of that order either to file an amended complaint or to advise the court that he wished to stand by his complaint. *Id.* at 3-4. On June 15, 2022, I granted plaintiff an additional thirty days to file an amended complaint. ECF No. 10. Plaintiff had not filed an amended complaint by the deadline, and accordingly, on August 22, 2022, I ordered him to show cause for why this case should not be dismissed for failure to prosecute and failure to state a claim. ECF No. 13. I also instructed plaintiff that if he wished to continue with this lawsuit, he must file, within twenty-one days, an amended complaint. *Id.* In response, plaintiff filed another motion for an extension of time to file an amended complaint. ECF No. 14. I granted this motion and allowed plaintiff until September 27 both to file an amended complaint and to respond to the August 22 order to show cause. ECF No. 15.

Plaintiff has responded to the order to show cause but has neither filed an amended

1  complaint nor indicated with sufficient clarity that he wishes to stand by his current complaint.

2  ECF No. 16.  I note that in his response, plaintiff states: "In [a filing, plaintiff] complied [with the

3  court order] by stating his reasons for not amending the complaint, and notified the court for those

4  lawful reasons, he chooses to stand by his complaint."[1]  *Id.* at 2.  However, it is not apparent what

5  reasons plaintiff is offering for changing his decision to stand by his complaint.  While plaintiff

6  has the right to stand by his complaint, he must express his desire to do so unequivocally.  Out of

7  an abundance of caution, I will grant plaintiff one final opportunity either to file an amended

8  complaint or to notify the court that he wishes to stand by his current complaint, subject to

9  dismissal.

10  Additionally, plaintiff has filed a motion for a court order, which I construe as a motion

11  for injunctive relief.  ECF No. 17.  Plaintiff is instructed that I cannot properly address that

12  motion without either reviewing an amended complaint or looking to the current complaint.  "A

13  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

14  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

15  equities tips in his favor, and that an injunction is in the public interest."  *Winter v. NRDC, Inc.*,

16  555 U.S. 7, 20 (2008).  As it stands, the deficiency of plaintiff's complaint precludes a showing

17  that he is likely to succeed on the merits of his claims.

18  Accordingly, it is hereby ORDERED that plaintiff shall file either an amended complaint

19  or a notice of election to stand by his complaint within thirty days of issuance of this order.

---

[1] Plaintiff also indicates that he has not been able to adequately prepare his amended complaint, which may be a surprising claim, given that plaintiff's response to the order to show cause runs 160 pages.  *See* ECF No. 16 at 9-11.  Plaintiff's amended complaint need only to be a short and plain statement demonstrating that he is entitled to relief, Fed. R. Civ. P. 8(a)(2), which provides "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1  IT IS SO ORDERED.
2
3
4  Dated: ___December 2, 2022___          _____
                                          JEREMY D. PETERSON
5                                         UNITED STATES MAGISTRATE JUDGE