UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKIE FLORINCEO ALVAREZ Sr., | Case No.  2:21-cv-01932-JDP (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |
| v. | |
| GRAY REDMAN, *et al.*, | |
| Defendants. | RESPONSE DUE WITHIN TWENTY-ONE DAYS |

On May 10, 2022, I screened plaintiff's complaint, notified him that it failed to state a claim, and gave him thirty days to file an amended complaint. ECF No. 4. On June 15, 2022, I granted plaintiff an additional thirty days to file an amended complaint. ECF No. 10. Plaintiff had not filed an amended complaint by the deadline, and accordingly, on August 22, 2022, I ordered him to show cause for why this case should not be dismissed for failure to prosecute and failure to state a claim. ECF No. 13. In response, plaintiff filed another motion for an extension of time to file an amended complaint. ECF No. 14. I granted plaintiff until September 27 to file an amended complaint and to respond to the August 22 order to show cause. ECF No. 15. Plaintiff responded to the August 22 order to show cause, but neither filed an amended complaint nor indicated with sufficient clarity that he wished to stand by his current complaint. ECF No. 16. Out of an abundance of caution, I granted him an opportunity to file an amended complaint or to file a notice with the court indicating that he wished to stand by his current

1

complaint, subject to dismissal. ECF No. 19. To date, plaintiff has not responded to that order.

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given one final chance to explain why the court should not dismiss the case for his failure to file an amended complaint. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff is ordered to show cause within twenty-one days why this case should not be dismissed for failure to prosecute and failure to state a claim. Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one days, an amended complaint.

IT IS SO ORDERED.

Dated:   January 30, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE